IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Action No. 18-cr-00209-CMA-11

UNITED STATES OF AMERICA,

 Plaintiff,

v.

11. JOSE SANTIAGO-MESINAS,

 Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

---

Currently before the Court is Defendant Jose Santiago-Mesinas's Motion to Dismiss or, in the Alternative, for a Bill of Particulars. (Doc. # 239.) For the following reasons, Defendant's Motion to Dismiss or for a Bill of Particulars is denied.

## I.  BACKGROUND

The Court's October 8, 2018, Order Granting Defendant's Motion for a Separate Trial (Doc. # 252) recites the applicable factual and procedural background of this case and is incorporated herein by reference. *See also* (Doc. # 353.) Additional factual background and procedural history will be detailed in this Order only to the extent necessary to address the instant motion.

This case arises out of an alleged conspiracy among sixteen defendants, including Defendant, to "knowingly and intentionally conspire to distribute or possess with the intent to distribute" various amounts of methamphetamine and cocaine between

July 1, 2015, and January 1, 2018. (Doc. # 1 at 1.) Defendant is charged with only three of the 26 counts alleged in the Indictment. *See generally* (*id.*) Count One alleges:

> On or about and between July 1, 2015, and January 1, 2018, both dates being approximate and inclusive, within the State and District of Colorado and elsewhere, [Defendant and thirteen other defendants] did knowingly and intentionally conspire to distribute or possess with the intent to distribute one or more of the following Controlled Substances: (1) 50 grams or more of methamphetamine (actual), its salts, isomers, and salts of its isomers, a Schedule II Controlled Substance; (2) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II Controlled Substance; (3) 50 grams or more but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II Controlled Substance; (4) 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and (5) less than 500 grams of a mixture or substance containing a detectable amount of cocaine a Schedule II Controlled Substance.
> All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(viii), 841(b)(1)(B)(viii), 841(b)(1)(C), and 846.

(*Id.* at 2.) Count Ten is alleged only against Defendant:

> On or about April 3, 2017, within the State and District of Colorado and elsewhere, [Defendant] did travel in interstate commerce with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity, specifically conspiracy to distribute or possess with the intent to distribute narcotics as alleged in Count One of this Indictment, and thereafter performed or attempted to perform an act to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of that unlawful activity in violation of Title 21, United States Code, Sections 841(a)(1) and 846.
> All in violation of Title 18, United States Code, Section 1952(a)(3)(A).

(*Id.* at 6.) Count Eleven alleges:

> On or about April 3, 2017, within the State and District of Colorado, [Defendant and four other defendants] did knowingly or intentionally distribute and possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine,

2

its salts, isomers, or salts of its isomers, a Schedule II Controlled Substance, and did knowingly or intentionally aid, abet, counsel, command, induce or procure the same.
All in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

(*Id.*) The other defendants have been charged in the remaining 23 counts for drug trafficking offenses on dates other than April 3, 2017, and not involving Defendant. *See generally* (*id.*)

In June and July 2018, the Government produced extensive discovery to Defendant. *See* (Doc. # 239 at 3–4.) The produced discovery demonstrates that Defendant was "personally involved in the distribution and possession with the intent to distribute 8,872 grams of methamphetamine at 99% purity." (Doc. # 244 at 3–4.)

On August 27, 2018, Defendant filed the Motion to Dismiss or, in the Alternative, for a Bill of Particulars presently before the Court. Defendant moves to dismiss the charges against Defendant pursuant to Federal Rules of Criminal Procedure 12(b)(3)(B)(iii) and (v) on the grounds that the Indictment lacks specificity and fails to state a claim. (Doc. # 239 at 5–9.) Should the Court deny dismissal, Defendant alternatively moves the Court to order the Government to file a bill of particulars pursuant to Rule 7(f). (*Id.* at 9–11.)

The Government responded in opposition to the Motion on September 11, 2018. (Doc. # 244.) It argues that neither form of relief is appropriate because the Indictment sets forth the elements of offenses charged and sufficiently apprises Defendant of the charges in order to enable him to adequately prepare for trial. (*Id.* at 4–5.)

On October 9, 2018, the Court granted Defendant a separate trial pursuant to Rule 14(b). (Doc. # 252.) A five-day jury trial is set to begin on February 11, 2019.[1] (Doc. # 254.)

## II. ANALYSIS

### A. MOTION TO DISMISS PURSUANT TO RULE 12(B)(3)(B)

The Court begins with Defendant's first request: that the Court dismiss the charges against him pursuant to Rule 12(b)(3)(B). (Doc. # 239 at 5–9.)

#### 1. Legal Standard

Rule 12(b)(3) provides that a defense asserting "a defect in the indictment or information, including: . . . (iii) lack of specificity; . . . (v) failure to state an offense" may be raised by pretrial motion. Fed. R. Crim. P. 12(b)(3)(B).

However, an indictment is held only to minimal constitutional standards, and the sufficiency of an indictment is judged "by practical rather than technical considerations." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense." *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991) (quoting *United States v. Skaggs*, 881 F.2d 1527, 1530 (10th Cir. 1989)). In the Tenth

---

[1] Defendant's Motion for Pretrial Disclosure of Statements and Admissions to be Offered under Rule 801(d), Any Known Prior Inconsistent Statements of a Declarant-Witness Under Rule 801(d)(1)(A), and to Order James Hearing (Doc. # 241) is ripe for the Court's review. The Court will address that Motion in due time.

Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements to the offense. *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir.1988).

2. Application

Defendant's argument pursuant to Rule 12(b)(3)(B) is premised on his understanding that Counts Ten and Eleven "are undoubtedly the objects of the conspiracy alleged in Count One" and that Counts Ten and Eleven "prescribe mandated penalties of not less than five years for offenses involving 5 grams or more of methamphetamine, or 50 grams or more of a mixture containing methamphetamine." (Doc. # 239 at 5–6) (citing 21 U.S.C. § 841(b)(1)(B)(viii). Count One, however, "alleges five separate, but unspecified, quantities of controlled substances," and thus Defendant purports to be unsure of "the specific acts against which he must prepare to defend at trial" and what mandatory minimum penalties he may face as a result. (*Id.* at 6.) Defendant reasons that because "any facts which increase the range of penalties to which a criminal defendant may be exposed are elements of the charged crime" and that "because an indictment must allege the required elements of a charged offense," the Government must apprise him "by way of the charging document of the specific quantities which the [G]overnment will prove to the jury as elements of the charges contained in Counts One, Ten, and Eleven." (*Id.* at 5–9) (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013)). He concludes by asserting that because the Indictment fails to specify quantities, which he believes to be a required element of the offenses, it is subject to dismissal. (*Id.* at 9.)

5

Defendant's conception of the charges against him and his understanding of the penalties available under them are fatally flawed. As the Government cogently explains in its Response (Doc. # 244 at 2–4), the plain language of Counts One and Eleven sufficiently advise Defendant that he is charged with a Title 21 offense with a statutory mandatory minimum sentence of ten years and a maximum term of life. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). The discovery produced by the Government demonstrates that Defendant was personally involved in the distribution and possession with the intent to distribute 8,872 grams of methamphetamine at 99% purity, which, for purposes of Count One, falls squarely in parts (1) and (2), which charge: (1) 50 grams or more of methamphetamine (actual), and (2) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. With regard to Defendant's concern as to sentencing, "it is irrelevant whether there are additional amounts attributable to [Defendant] because [Defendant] is already in Base Offense Level 38 (4.5 kilograms of methamphetamine actual), the highest Base Offense possible under the Federal Sentencing Guidelines." (Doc. # 244 at 4.)

For these reasons, the Court is satisfied that the Indictment sufficiently puts Defendant on notice of the charges against which he must defendant. The Court denies Defendant's Motion to Dismiss pursuant to Rule 12(b)(3)(B).

## B. MOTION FOR BILL OF PARTICULARS PURSUANT TO RULE 7(F)

Having denied Defendant's request that the Court dismiss the counts against him, the Court turns to his alternative argument that the Court should order the Government to file a bill of particulars. (Doc. # 239 at 9–11.)

1. <u>Legal Standard</u>

Pursuant to Rule 7(f), a defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). Unless the request for the bill of particulars shows, on its face, that failure to grant the request would result the preclusion of an opportunity for meaningful defense preparation, in prejudicial surprise, or double jeopardy problems, the defendant requesting the bill of particulars has the burden of showing that his or her request meets one of the three criteria. *United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998) (citing *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)). The district court has broad discretion in deciding a motion for bill of particulars. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir.1992).

In exercising its discretion, the trial court must remain mindful of the parameters placed on a bill of particulars. Though it may provide more information, a bill of particulars is **not** intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial. *Dunn*, 841 F.2d at 1029. A defendant is not entitled to notice of "all the evidence the government intends to produce, but only the theory of the government's case." *United States v. Levine*, 983 F.2d 165, 167 (10th

7

Cir. 1992). Nor is it a way to require the government's explanation of the legal theories expected at trial. *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983). Evidentiary detail is not a proper request for a bill of particulars. *United States v. Barbieri*, 614 F.2d 715, 719 (10th Cir. 1980). A bill of particulars is also not required where the information necessary for one's defense can be obtained through some other satisfactory form. *See United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). Generally, "[a] bill of particulars is not necessary if the indictment sets forth the elements of the offense and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Levine*, 983 F.2d at 167.

    2.    <u>Application</u>

Defendant argues that in his case, "where over 126,000 items of discovery have been produced disclosing evidence to be offered against sixteen named defendants in diverse charges, a bill of particulars is an essential vehicle for case preparation." (Doc. # 239 at 11.)

Defendant fails to establish how denying his request for a bill of particulars would result the preclusion of an opportunity for meaningful defense preparation, in prejudicial surprise, or double jeopardy problems. *See Anderson*, 31 F. Supp. 2d at 938. For the reasons described above, the Court finds that the Indictment is sufficient to inform Defendant of the charges against him and sets forth the elements of each of the three offenses with which he is charged. Moreover, Defendant acknowledges that the Government has provided him voluminous discovery in this case. To the extent that Defendant argues the Government has provided too much discovery, the argument

fails. Pursuant to well-established Tenth Circuit law, once the Government provides "complete discovery containing sufficient information to allow [the defendant] to prepare [his] defense," it thereby provides him with "the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment." *United States v. Ivy*, 83 F.3d 1266, 1282 (10th Cir. 1996). It is thereafter the defendant's "responsibility to use [those tools] in preparing [his] defense, regardless of whether the discovery [is] copious and the preparation of the defense [is] difficult." *Id; United States v. Serrano-Serrano*, No. 2:16-CR-56-RJS-PMW, 2016 WL 7217632, at *2 (D. Utah Dec. 13, 2016).

The Court is accordingly satisfied that the information contained in Counts One, Ten, and Eleven of the Indictment meets the minimal due process standards such that no bill of particulars is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Jose Santiago-Mesinas's Motion to Dismiss or, in the Alternative, for a Bill of Particulars. (Doc. # 239.)

DATED: January 11, 2019

BY THE COURT:

*(signature)*

_____
CHRISTINE M. ARGUELLO
United States District Judge